### TOWSAND v. FORD et al.

(Supreme Court, Appellate Division, Third Department. May 13, 1902.)

1. PROPERTY ON LEASED LAND—NOTICE OF SALE—RIGHTS OF LESSEE.

The owners of a building situated on land leased from a railroad company for a period of 1 year subject to 30 days' notice, having had no notice, either actual or constructive, that the company had sold the stone on which the building rested, although they had notice that some stone on the premises had been sold, had a better right to the possession of such stone than one who claimed title to the same by virtue of a bill of sale, given by an agent of the company prior to the date of the lease, for old stone on the leased premises.

2. SAME—BILL OF SALE—CONSTRUCTION.

An old stone foundation was partially covered by a building and partially unoccupied. The owner of the land gave a bill of sale of "old stone in foundation of old shop," the original building, and requested its removal. The owner of the land was at the same time leasing the building to another party, which lease was renewed from year to year. Held, that the stone upon which the building was then resting were not intended to be included in the bill of sale.

Kellogg, J., dissenting.

Appeal from a judgment on report of referee.

Action by Jeremiah Towsand against Charles Ford and another for conversion of a quantity of stone. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Martin S. Lynch, for appellants.
H. Austin Clark, for respondent.

PARKER, P. J. It appears from the record in this case that most, if not all, of the stone for which the plaintiff has recovered were under and supporting a building at the time the defendants refused to surrender them to the plaintiff. Such building, and the stone upon which it rested, were on premises belonging to the Erie Railroad Company. In 1894 such premises and building were, by such company, rented to Baker for one year, and each year thereafter the leasing was renewed to Baker until 1900. In 1897 a part of the building was destroyed, and the company agreed with Baker that, if he would repair it, he could have the building. I understand Baker did repair it, and thereafter—

that is, in 1898 and 1899—the lease was to him of the premises; he owning the building, and leasing the premises merely as a place upon which to keep the building. In 1900 Baker sold all his interest to the defendants Ford, and on July 23, 1900, the Fords took a written lease from the company, which was put in evidence, and is fully set forth in the "case." It leases to the Fords the premises for one year "as a site for a building." The Fords then owned the building, and evidently both parties understood the lease to give them the right to maintain their building there for a year, unless the 30-days notice to take it off and surrender the lease was given by the company, as therein provided. The stone in question were all this time supporting the building, and had so supported it since its construction many years ago. The plain purpose of the lease, therefore, was to give to the Fords the right to maintain their building upon the wall on which it then rested; and such stone, as between those parties, were deemed real estate, and passed under the lease. Therefore the defendants, as the lessees, had an interest in the stone, to have them remain there as a part of the realty supporting their building until the end of the year, or until they received the 30-days notice provided for. Such are the circumstances under which, on July 23, 1900, they received from the company the possession of the stone in question. On August 24, 1900, they refused to surrender them to the plaintiff.

Did the plaintiff show a better right to their possession than the defendants had? I think not. Even if the bill of sale taken by the plaintiff in July, 1897, be deemed to apply to the stone under this building, and even if Sheffer was shown to be the agent of the company, with power to transfer the title to such stone, yet the defendants Ford, when they took their lease, had no notice, actual or constructive, that the company had parted with its title to the stone on which their building was resting. True, they had notice that the plaintiff had purchased some stone, but they would naturally suppose it referred to the loose stone upon the premises, and hereinafter referred to, and did not understand it to apply to the stone on which the building rested. They evidently relied on such stone being a part of the premises, and that their building might rest upon them as such; and, the company then being in possession of such premises and stone, they had the right to assume that it owned both premises and stone, and to take a lease of the same. For this reason the defendants' right of possession was better than the plaintiff's.

Moreover, the bill of sale given by Sheffer in July, 1897, was not intended to include the stone upon which the building then rested. There was at the time a lot of stone, upon which no building was resting, which had been used as a foundation for that part of the bridge shop that had been taken away. Those stone were no longer used by the company. They could be taken away at once, and were subsequently taken or sold by this plaintiff. Such were the stone referred to in the bill of sale, and sold by Sheffer for $20, and which such bill of sale requested the plaintiff to remove at once. At that time Baker was leasing the building which stood upon the stone in question from the company, and such lease was thereafter renewed from year to year, as above stated; and it is clear that Sheffer did not intend, by the re-

quest made in that bill of sale, "Please remove this material," that the plaintiff should enter on the premises then rented to Baker, and tear out the stone from under the building Baker was then occupying. The circumstances of the transaction, as they appear in the record, all indicate that the stone in question—those upon which the building was then resting—were not intended to be included in that bill of sale. The evidence does not warrant that conclusion, and therefore the plaintiff has not established a right to demand them from the defendants.

The judgment must be reversed on the law and facts, referee discharged, and a new trial granted; costs to the appellants to abide the event. All concur, except KELLOGG, J., who dissents.

KELLOGG, J. (dissenting). The action is for the conversion of a quantity of stone, and the judgment was in plaintiff's favor in the sum of $56.50, their value. It is admitted that defendants were in possession of the land upon which the stone were, and that one of the defendants refused to allow plaintiff to take the stone away. The defendants are admittedly strangers to any title to the stone. If it was shown that plaintiff had the right to their possession, the conversion is made out, and the value of the stone from the testimony was fixed at the right amount. The stone and land upon which they were placed belonged to the Erie Railroad Company. They were once the foundation and support of a building constructed and used by that company in the business of constructing wooden bridges. The business many years ago was abandoned, the machinery removed, and the building itself partly torn down, partly burned, and a portion allowed to remain, but wholly unused by the company. One Baker, in the latter part of 1896, bought what remained of the superstructure,—that is, all above the stone foundation,—and in December, 1899, sold it to the defendants. The plaintiff, in July, 1897, obtained the following writing:

"O. M. Order No. 2,356.

"Erie Railroad Company. Office of the Purchasing Agent, 21 Cortlandt Street. Memorandum of Sale of Old Material.

"New York, July 22nd, 1897.

"Mr. J. Towsand, Owego, N. Y.—Dear Sir: Referring to request of our general superintendent, I beg to accept your offer, and have entered your order for the following old material from the Susquehanna Division. Please remove material.

| Quantity. | Material. | Price for Total. | Remarks. |
|-----------|-----------|------------------|----------|
|           | Old stone in foundation of old Owego bridge shop. | $20.00 | C. O. D. |

"Yours truly,                    E. B. Sheffer, Purchasing Agent."

It was proven on trial that E. B. Sheffer was the sales and purchasing agent of the company, and at this time one J. F. Maguire was general superintendent. Upon receipt of this writing the plaintiff paid the $20 therein mentioned, and the same year removed or caused to be removed a considerable portion of the stone. At no time has

the railroad company repudiated the transaction, or attempted to prevent the plaintiff from removing all the stone forming the foundation of the old Owego bridge shop, or the walls upon which its machinery rested. So far as the wording of the contract goes, and the action of the parties under it, there can be no question but the writing gave to plaintiff a right to remove all of these stone. The machinery was a material part of the bridge shop. Its stone foundation was also a part of the foundation of the shop, quite as much so as the stone under the sills of the building which housed the machinery. It must be presumed, I think, that the purchasing and sales agent of this corporation had power to dispose of the old and refuse materials of a building so long abandoned, and situated as this was, and no resolution of the board of directors was necessary, and no other evidence of such disposition is needed than the writing referred to. So far, at least, as these defendants are concerned, they can be in no peril in giving full credence to this authority. They are strangers to the transaction, have no interest in the subject-matter, and cannot be heard to repudiate for the railroad company. The testimony was sufficient to warrant the conclusion by the referee that defendants had full knowledge of plaintiff's rights in the stone before they leased the land on which the stone were, hence their lease gave them no right to refuse to plaintiff possession of his property.

A careful examination of the objections, rulings, and exceptions taken at the trial does not disclose any reversible error. The evidence of conversations with other officers of the company other than the sales agent was perhaps immaterial, but it was harmless to defendants. The writing needed no explanation, and was incapable of being enlarged. It of itself embraced all the stone contended for. The objection to the writing did not run to the lack of proof of the signature of the purchasing and sales agent, but rather to his power to bind the railroad company. The fact that Baker was lessee of the premises before the defendants took possession is wholly immaterial. Baker made no objection to the taking of the stone, and defendants, owing to their knowledge of the prior sale, had no right to object.

The judgment should be affirmed, with costs.